Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

**Dated: March 29th, 2019**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

| IN RE: | CASE NO. 6:18-bk-60090 |
|---|---|
| LISA DAWN CURTISS, | CHAPTER 7 |
| Debtor. | JUDGE FRANK W. VOLK |
| LISA DAWN CURTISS, | ADVERSARY PROCEEDING NO. 6:18-ap-06000 |
| Plaintiff, | |
| v. | |
| CREDIT ACCEPTANCE CORPORATION and ADP, LLC, | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO DISMISS

Pending is Defendant Credit Acceptance Corporation's Motion to Dismiss Adversary Proceeding, filed December 31, 2018 [Dckt. 9]. Plaintiff Lisa Dawn Curtiss filed her Response on January 31, 2019 [Dckt. 14]. Credit Acceptance Corporation filed its Reply on February 6, 2019 [Dckt. 15]. This matter is ready for adjudication.

**I.**

On October 1, 2018, Plaintiff Lisa Curtiss initiated this proceeding with a Complaint alleging Credit Acceptance Corporation ("CAC") violated the automatic stay. She asserted the violation resulted from two wage garnishment payments CAC permitted after Ms. Curtiss filed her bankruptcy petition on June 26, 2018. On June 29, 2018, Ms. Curtiss' wages were

garnished by CAC in the amount of $296.67. On July 13, 2018, Ms. Curtiss' wages were again garnished in the amount of $284.36.

CAC filed its Motion to Dismiss contending it did not intentionally violate the automatic stay with regard to the June 26, 2018, garnishment inasmuch as it had not yet received notice of the petition filing. CAC further states that the garnished funds from July 13, 2018, were promptly restored.

In her Response, Ms. Curtiss supplied a letter dated July 5, 2018, from her lawyer to CAC, sent by facsimile and regular mail advising CAC of the petition filing and requesting restoration of the June 26, 2018, garnishment. Ms. Curtiss seeks to conduct discovery respecting receipt of the July 5, 2018, letter.[1]

In its Reply, CAC reiterates that no garnishment occurred beyond July 13, 2018, and that neither garnishment arose from an intentional stay violation.

## II.

Rule 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

---

[1] A court adjudicating the viability of a complaint under *Federal Rule of Civil Procedure* 12(b)(6) "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013). A court may, however, review and consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines v. Valley Community Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The July 5, 2018, letter is referenced in, and attached to, Ms. Curtiss' complaint. (Compl. Ex. B).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief. . . .'"

3

>Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."
>
>In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

Having reviewed the entirety of the parties' submissions, Ms. Curtiss has minimally met her burden under Federal Rule of Civil Procedure 12(b)(6), in that she has pled "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly,

**IT IS ORDERED** that the Motion to Dismiss be, and is hereby, **DENIED.** CAC is given leave to raise its contentions anew at summary judgment.